## J. STADEKER & SON v. J. LOEB, TRUSTEE.

1. MORTGAGE. *Crop to be grown. Potential existence.*
    Notwithstanding the repeal of § 1359 of the code, which authorized the giving of a mortgage on a crop to be grown within fifteen months, one may, under the common law, execute a mortgage on his crop to be grown if it has a potential existence.

2. SAME. *Possession. Equitable title.*
    One having the equitable title to land, occupying it by consent of the holder of the legal title, may, in January before the crop is planted, execute a mortgage on such crop, which will have precedence over a prior enrolled judgment.

FROM the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

This case was tried by the court without a jury on an agreed statement of facts as follows: In 1886 Gross owned a tract of land in Madison county, and contracted to sell it to Jones, giving him a bond for title, binding himself to make a deed on payment of two hundred dollars. In January, 1887 (after the repeal· of § 1359 of the code, which authorized the giving of a mortgage on a crop to be grown within fifteen months), Jones, being in possession of the land and claiming it as his own, executed to Loeb, trustee, a trust deed to secure Gross in the payment of a debt of five hundred dollars, borrowed money, by which deed he conveyed the crops to be raised by him during the year, which crops had not then been planted. In November, 1887, after the crops had matured, five bales · of cotton grown by Jones on said land were seized under execution on a judgment for six hundred dollars in favor of appellants. This judgment was recovered against Jones

in 1884, and was duly enrolled. The debt secured by the trust deed being unpaid, Loeb, the trustee, interposed a claim for said cotton. Jones never paid Gross for the land and never received a deed, but he remained in possession all the time under the bond for title, and Gross considered that the land belonged to Jones.

Claim being interposed for the cotton under the trust deed, an issue was made up which was tried, resulting in a judgment in favor of the trustee, from which plaintiffs in execution appealed.

*W. H. Powell,* for appellants.

1. Section 1359 of the code of 1880 gave the right to execute a trust deed on crops to be thereafter grown, but this was repealed prior to the execution of the trust deed in question: Acts 1886, p. 156. If, therefore, the grantor had the right to execute this deed, the authority is not derived from any statute.

I submit that Jones was not such an owner of the land as to enable him under the common law to convey a crop not then planted. *McCown* v. *Mayer,* 65 Miss. 537, is not in conflict with this view. If it is, it is not supported by *Everman* v. *Robb,* 52 Miss. 653, therein cited. I invite a contrast of the facts in those cases with the facts of this. Those decisions hold that the grantor must have a *fixed ownership* in the land, in fee for life or a term of years, and the ownership must be a *legal* one. Here the possession of Jones was merely *permissive;* he was a mere tenant at will of Gross. Shall the legal rights of the judgment creditors of Jones be controlled by the caprice of Gross?

2. If power to execute the trust deed existed, then I contend under the facts of this case that the deed would *only be good between the parties to it,* and would not affect the rights of appellants. *White* v. *Thomas,* 52 Miss. 52.

3. If Jones had any interest in the land upon which the crop was grown, it was merely an *equity.* Has this equity, or the crop raised under this right, a " potential existence?" See *McCown* v. *Mayer, supra.* Did not Jones convey to the claimant merely an equitable right, and has he any right to litigate in a court of law?

I contend that the judgment should have been for appellants, and ask the court to enter a judgment in their favor here.

*F. B. Pratt,* for appellee.

Jones was the owner of the land in possession, and Gross simply held the legal title as mortgagee to secure payment of the purchase money. *Strickland* v. *Kirk,* 51 Miss. 796. Therefore Jones could convey the crops to be grown on the land. *McCown* v. *Mayer,* 65 Miss. 540. He claimed the land as his own, and Gross, the only man who had any other claim, conceded his right as owner and accepted the trust deed reciting such ownership. It was not necessary that Jones should have *owned* the land, or that he should have had a lease. Parol permission to occupy the land for that year was a sufficient interest in it to enable him to make a valid conveyance of the crops to be raised thereon.

CAMPBELL, J., delivered the opinion of the court.

The relation sustained by Jones to the land was such as to make a deed of trust, executed by him on the crop to be grown on the land, valid, because such crop had a *potential* existence, within the meaning of the law. Although the legal title of the land was in Gross, and Jones had only a bond for title, he had possession of the land and the consent of Gross to occupy it; and the rights of a legal owner of all crops to be produced on it.

*Affirmed.*